IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | ) 2:25-CV-01690-MJH<br>)<br>) |
| vs. | )<br>)<br>) |
| CHARLES A. CORCORAN, DAKOTA-JARETT W. RASEL, | )<br>) |
| Defendants, | |

OPINION AND ORDER

Plaintiff, Nationwide Mutual Insurance Company, brings the within action in declaratory judgment against Defendants, Charles A. Corcoran and Dakota-Jarett W. Rasel[1], to determine whether Mr. Corcoran's homeowner's insurance policy provides him with coverage for an underlying lawsuit brought by Mr. Rasel. (ECF No. 1). Mr. Corcoran now moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The matter is now ripe for decision.

Upon consideration of Nationwide's Complaint and Exhibits (ECF Nos. 1 and 7), Mr. Corcoran's Motion to Dismiss (ECF No. 13), the respective briefs (ECF Nos. 14, 15, and 16), and for the following reasons, Mr. Corcoran's Motion to Dismiss will be granted, without prejudice. The Court will enter a stay and administratively close the case.

I.  Background

A.  Underlying Lawsuit

In the negligence action brought by Mr. Rasel in the Fayette County Court of Common Pleas, he alleges that, on or about March 21, 2024, he was excavating a ditch for sewer line

---

[1] Nationwide named Mr. Rasel as a nominal defendant to this declaratory judgment action, as his interests may be affected by the outcome.

repairs in Masontown, Fayette County, Pennsylvania ("jobsite"). (ECF No. 7-1 at ¶ 3). Mr. Rasel alleges that Mr. Corcoran, while walking around the neighborhood, approached the jobsite to investigate. *Id*. at ¶ 4. After approaching the ditch, Mr. Corcoran allegedly stepped on loose dirt and/or unstable soil at the edge of the jobsite, which caused the ditch to collapse, injuring Mr. Rasel. *Id*. at ¶ 6. Mr. Rasel alleges that Mr. Corcoran had "no business being on the Jobsite." *Id*. at ¶ 5. In his responsive pleading to Mr. Rasel's Complaint, Mr. Corcoran asserted that he was acting in his capacity as a Masontown borough official; and thus, he is immune from this suit. (ECF No. 7-2 at ¶¶ 22-24)

  B. Declaratory Judgment Action

  In the instant lawsuit, Nationwide alleges that Mr. Corcoran filed a verified responsive pleading in the underlying action, wherein he averred that he was an elected member of the Masontown Borough Council, who served on the Streets, Highways, and Streetlights Committee and the Water and Sewage Plants Committee. (ECF No. 1 at ¶ 14). Nationwide further avers that, in the underlying action Mr. Corcoran asserts that, at the time he was at the jobsite, he was acting in his capacity as a borough council member. *Id* at ¶ 15. Nationwide alleges that, because Mr. Corcoran was acting in his capacity as a borough council member at the time of the incident, the "business exclusion" and "professional services exclusion" provisions of Nationwide's homeowner's policy precludes coverage for defense and indemnity in the underlying lawsuit. *Id*. at ¶¶ 18-29.

  II. Relevant Standard

  When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the

complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

The Supreme Court clarified that this plausibility standard should not be conflated with a higher probability standard. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A pleading party need not establish the elements of a prima facie case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (quoting *Graff v. Subbiah Cardiology Assocs. Ltd.*, 2008 U.S. Dist. LEXIS 44192, 2008 WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n.8 (3d Cir. 1997). The primary question in deciding a motion to dismiss is not whether

the plaintiff will ultimately prevail; but rather, whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000). The purpose of a motion to dismiss is to "streamline[] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

    III.    Discussion

        A. Duty to Defend

Mr. Corcoran argues that the declaratory judgment action fails to state a claim, as regards Nationwide's duty to defend, because the allegations of the underlying complaint do not preclude a right to a defense under Mr. Corcoran's Nationwide policy. In short, Mr. Corcoran maintains that the "four-corners" of the underlying complaint, and not any extrinsic evidence such as a responsive pleading, governs whether Nationwide has a duty to defend. Nationwide argues that Mr. Corcoran's Answer and New Matter to the underlying lawsuit provide a basis to satisfy its burden to show that Nationwide owes no duty to defend. Nationwide also argues that courts have found exceptions to strict adherence to the "four corners" rule.

The duty to defend is separate and distinct from the duty to indemnify under Pennsylvania law. *Erie Ins. Exch. v. Transamerica Ins. Co.*, 516 Pa. 574, 533 A.2d 1363, 1368 (1987) ("[t]he duty to defend is a distinct obligation, separate and apart from the insurer's duty to provide coverage."). The duty to defend is triggered, even if the allegations against the insured are groundless, false or fraudulent. *D'Auria v. Zurich Ins. Co.*, 352 Pa.Super. 231, 507 A.2d 857, 859 (1986). "The question of whether a claim against an insured is potentially covered is answered by comparing the four corners of the insurance contract to the four corners of the complaint." *Am. and Foreign Ins. Co. v. Jerry's Sport Ctr., Inc.*, 606 Pa. 584, 2 A.3d 526, 541

4

(2010). Only when "it is clear from an examination of the allegations in the complaint and the language of the policy that the claim does not potentially come within the coverage of the policy" may the insurer "refuse to defend a claim against its insured." *Id.*

Pennsylvania law provides that "if the complaint filed against the insured avers facts which would support a recovery that is covered by the policy, it is the duty of the insurer to defend until such time as the claim is confined to a recovery that the policy does not cover." *Erie Ins. Exch. v. Transamerica Ins. Co.*, 516 Pa. 574, 583, 533 A.2d 1363, 1368 (1987). While there are circumstances where evidence beyond the four corners of the underlying complaint may be considered, extrinsic evidence may be used to demonstrate the possibility of coverage, but not to exclude it. *Unitrin Direct Ins. Co. v. Esposito*, 280 F.Supp.3d 666, 670-671 (E.D. Pa. 2017).

Here, at this stage, the duty to defend analysis is restricted to the four-corners of the complaint in the underlying lawsuit; thus, extrinsic evidence may not be presently considered. The underlying complaint makes no reference to Mr. Corcoran's position or status with the Borough. Instead, the underlying complaint alleges that Mr. Corcoran "was a neighbor to the jobsite," who had "no business being on the jobsite." (ECF No. 7-1 at ¶¶ 4-5). Nationwide's allegations, concerning the business and professional services exclusion, rest upon Mr. Corcoran's apparent admission that his actions at the jobsite were in his capacity as a borough official. However, such allegations derive from matters outside the complaint. While Mr. Corcoran's status may ultimately be determined to have been as he has alleged below, presently, the court in the underlying lawsuit has specifically deferred ruling on said status. Specifically, the Fayette County Court of Common Pleas denied Mr. Corcoran's motion for judgment on the pleadings, because "genuine issues of material fact remains (sic) in dispute whether defendant was acting within his capacity as a Masontown Borough official and whether Defendant owed a

duty of care to Plaintiff." (ECF No. 14-2).  Therefore, the question, of whether Mr. Corcoran was acting in his official capacity as a Masontown Borough official or a private citizen neighbor, remains undetermined at this stage.   The answer to that question will determine whether or not Nationwide's exclusion impacts Nationwide's contractual duties under its insurance policy with Mr. Corcoran.  Nationwide's Complaint, vis-à-vis the duty to defend, relies on facts and legal conclusions that are outside the four corners of the underlying complaint.   Thus, Nationwide has not sufficiently stated a claim for its exclusions as regard its duty to defend.

Accordingly, Mr. Corcoran's Motion to Dismiss Nationwide's request for declaratory relief as regards its duty to defend will be granted, without prejudice.

### B.  Duty to Indemnify

Next, Mr. Corcoran argues that Nationwide's request for relief, seeking a declaration that it has no duty to indemnify, is premature and should be dismissed.   Nationwide did not address Mr. Corcoran's arguments in its brief in opposition.

Under Pennsylvania law, "[a]n insurer is required to indemnify only where the insured is held liable for a claim actually covered by the policy." *USX Corp. v. Adriatic Ins. Co.*, 99 F.Supp.2d 593, 611 (W.D. Pa. 2000) (citing *Gen. Accident Ins. Co. of Am. v. Allen*, 547 Pa. 693, 692 A.2d 1089, 1095 (1997)).  "As a general rule, a court entertaining a declaratory judgment action in an insurance coverage case should refrain from determining the insurer's duty to indemnify until the insured is found liable for damages in the underlying action." *Victoria Ins. Co. v. Mincin Insulation Servs., Inc.*, No. Civ.A. 08-909, 2009 WL 90644, at *5 (W.D. Pa. Jan. 14, 2009) (quotation omitted).

Here, Mr. Corcoran's arguments, regarding the ripeness of Nationwide's requested relief as to its duty to indemnify, are well-taken.   At this stage, because Mr. Corcoran's liability has

6

not yet been determined in the underlying lawsuit, the Court cannot determine whether or not Mr. Corcoran is entitled to indemnity under the Nationwide policy. Further, because of the outstanding issue of Mr. Corcoran's status as a borough council member, or as a private citizen neighbor, it is likewise premature to determine whether or not Nationwide's exclusions apply as to the issue of indemnity.

Accordingly, Mr. Corcoran's Motion to Dismiss Nationwide's request for declaratory relief, as regards its duty to indemnify, will be granted without prejudice.

### C.  Discretionary Jurisdiction

Finally, in the alternative, Mr. Corcoran requests that this Court decline jurisdiction, based upon the pending state law issues relative to the state court's determination of Mr. Corcoran's capacity in the underlying lawsuit. Nationwide did not respond to this argument in its briefing.

Under the Declaratory Judgment Act, federal courts "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Courts may choose to abstain based on "considerations of practicality and wise judicial administration." *Wilton v. Seven Falls. Co.*, 515 U.S. 277, 288 (1995); *see State Auto Ins. Companies v. Summy*, 234 F.3d 131, 136 (3d Cir. 2000).

Here, in its discretion, the Court will retain jurisdiction in this action, and it will not abstain from this action based upon the pending litigation in state court. However, in the first instance, the state court will determine the issues of Mr. Corcoran's capacity at the time of the incident. The Court will defer for the state court to decide the issues of Mr. Corcoran's capacity at the time of the incident, as well as the immunity issues raised in the action pending in state court. This Court will retain jurisdiction over this declaratory judgment action; however, while

leave for amendment will be granted, such will not be due until such necessary issues are resolved in the state court. When appropriate, either party may move for this Court to proceed with lifting the administrative stay in this case for this case to proceed and to permit amendments to Nationwide's Complaint.

Accordingly, in addition to granting Mr. Corcoran's Motion to Dismiss, the Court will enter a stay and administratively close the matter pending further motion by either party at the appropriate time.

## IV.   Conclusion and Order

Following consideration of Nationwide's Complaint and Exhibits (ECF Nos. 1 and 7), Mr. Corcoran's Motion to Dismiss (ECF No. 13), the respective briefs (ECF Nos. 14, 15, and 16), and for the foregoing reasons, Mr. Corcoran's Motion to Dismiss is granted. Leave to amend will be granted. The matter is hereby stayed pending outcome of the underlying lawsuit, and the clerk will administratively close this case. Upon motion of either party, the stay may be lifted, and Nationwide will then be permitted to file its Amended Complaint.

DATED this 5th day of March 2026.

BY THE COURT:

MARILYN J. HORAN
United States District Judge